PER CURIAM:
On August 21, 1994, between 1:30 a.m. and 3:00 a.m., claimant, Samuel Jones, Jr., was traveling on Monongalia County Route 45, also known as the River Road. Mr. Jones, Jr., was the passenger in a 1980 Datsun pickup truck driven by Daniel Birch. The vehicle was proceeding approximately 40 miles per hour when Mr. Jones, Jr., observed a tree in the road. The tree was located fifteen yards ahead of the vehicle and blocked both lanes of traffic. Mr. Birch immediately applied the brakes. Unfortunately, he was unable to stop the vehicle and it hit the tree. After the accident, Mr. Jones, Jr., and Mr. Birch used a chain saw to cut the tree into pieces and remove it from the road. As a result of the collision Mr. Jones, Jr., seeks an award for personal injuries.
*46 Katherine Westbrook, an assistant superintendent for respondent in Monongalia County, testified that her responsibilities include maintaining a safe roadway for the traveling public. According to Ms. Westbrook, she was notified of the fallen tree on August 21, 1994, at 4:00 a.m. When Ms. Westbrook arrived at the scene of the accident, the tree had already been removed. Ms. Westbrook returned the following morning to examine the tree. She discovered that there were leaves and bark still on the tree, and she concluded the only sign of decay was on the side of the tree facing away from the road. Ms. Westbrook also testified that respondent did not have notice the tree was in danger of falling onto the road.
The State is neither an insurer nor a guarantor of the safety of motorists traveling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d. 81 (1947). When the evidence indicates that respondent does not have notice of a hazard, such as a fallen tree, and a reasonable opportunity to remove it, respondent cannot be held liable. Britt v. Dept. of Highways, 14 Ct. Cl. 378 (1983).
In the instant case, respondent had no notice of the tree's condition or the tree's potential for falling onto the roadway. In addition, the testimony of witnesses for both parties leads to the conclusion that the tree had fallen shortly before the accident. Based on the reasons stated above, the Court is of the opinion that claimant has not established negligence on behalf of the respondent. Therefore, this claim is denied.
Claim disallowed.