PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of an encounter with a falling tree while traveling west on U. S. Route 60 at Cedar Grove, which is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on June 8, 1998, at approximately 6:30 a.m. At daybreak on the morning in question, claimant was making her routine drive to Charleston for work. Claimant was traveling westbound in the right-hand lane of the four-lane section of U. S. Route 60 and proceeding to the two-lane section of U. S. Route 60. A coal truck was in front of claimant’s vehicle. The coal truck made the trees and greenery move as it proceeded down U. S. Route 60. As *26 claimant came to the two-lane portion of U. S. Route 60, a dead tree fell and struck claimant’s vehicle. The impact broke the vehicle’s windshield and luggage rack. Then, the tree bounced on the front end of her vehicle and broke the headlight. Claimant had only liability insurance coverage. The estimated damage to claimant’s 1989 Dodge Caravan was in the amount of $ 1,101.02, but claimant explained that her actual expenses for repair were $2,000.00.
The position of respondent was that it did not have actual or constructive notice of the condition of such tree on U. S. Route 60 at Cedar Grove in Kanawha County. According to respondent’s daily reports from the Chelyan office, emergency service was dispatched to remove the tree from U. S. Route 60. The tree was removed as soon as the call was received. Respondent had no prior information regarding condition of the tree or that it may have posed a danger to the traveling public.
This Court has previouslyheldthat when the evidence indicates that respondent does not have notice of a hazard, such as a falling tree, and a reasonable opportunity to remove it, respondent cannot be held liable. Jones v. Division of Highways, 21 Ct. Cl. 45 (1995).
There are several trees in this location of U. S. Route 60 at Cedar Grove in Kanawha County. No evidence was presented as to whether the tree was on the State’s right of way. Clearly, respondent can not be responsible for inspection of all the trees in the area that may or may not be in the State ’ s right of way. Respondent had no notice of the tree’s condition or that the tree’s potential for falling posed a hazard to the traveling public. Consequently, there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court hereby denies this claim.
Claim disallowed.