PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of a falling tree when he was traveling south on Route 20 in Harrison County. Respondent was responsible at all times herein for the maintenance of Route 20. The Court is of the opinion to deny this claim for the reasons set forth below.
Claimant testified that he was driving his 1983 GMC Blazer on August 14, 2002, between 3:00 p.m. and 3:30 p.m. on Route 20 which is a two-lane road. The weather was clear. As he crested a hill, a tree fell on the hood of his vehicle and onto the right side of his windshield. Mr. Jones testified that he did not have any warning of the falling tree. He also testified that some of the tree had leaves on it, but not many. Claimant stated that he travels this road every day on his way to work. Claimant submitted into evidence an estimate for damage to the hood and windshield in the amount of $1,600.00. Claimant did not have any insurance available to cover the damage to his vehicle.
Claimant contends that respondent knew or should have known of the potential of the tree to fall into the roadway and that it should have taken adequate measures to remove this hazard.
*294 Respondent asserts that it had no notice that this tree presented a hazard and that it acted reasonably and diligently in this claim.
Respondent’s County Maintenance Supervisor for Harrison County, John Michael Barberio, testified that this portion of Route 20 is a two-lane blacktopped road. Mr. Barberio testified that his office did not receive any telephone calls about the tree nor did respondent have any notice that the tree presented a risk of falling. After reviewing the location of the tree, respondent could not conclude that the tree was on respondent’s right of way.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). This Court has previously held that when the evidence indicates that respondent does not have notice of a hazard, such as a fallen tree, and a reasonable opportunity to remove it, respondent cannot be held liable. Jones v. Division of Highways, 21 Ct. Cl. 45 (1995).
The Court, having reviewed the record in this claim, has determined that respondent was not negligent in its maintenance of Route 20 on the date of claimant’s accident. Respondent had no notice that this particular tree had a potential for falling or that it posed a hazard to the traveling public. Consequently, there is insufficient evidence of negligence upon which to base an award.
In accordance with the findings as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.